ANDREW V. SMITH

v.

ALBERTUS R. BELT.

*Contract for Support of Parent—Evidence—Admissions and Declara-
tions—New Trial—Newly Discovered Evidence.*

1.   In an action to recover upon an alleged express agreement on the part
of a son to pay for the support of his mother, this court declines to inter-
fere with the verdict for the plaintiff.

2.   The court below properly denied a motion for a new trial on the
ground of newly discovered evidence, such evidence being an alleged admis-
sion by the opposite party made to the attorney of the appellant before the
trial.

[Opinion filed May 21, 1889.]

APPEAL from the Circuit Court of Sangamon County; the
Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. McGUIRE & COLBY and T. S. CASEY, for appellants.

Messrs. PATTON, HAMILTON & SHUTT, for appellee.

PLEASANTS, J.   Assumpsit, brought by appellee on an
alleged agreement by appellant to pay for keeping his mother.

She was over eighty years of age.   Appellant was abun-
dantly able and willing to provide for her, but his wife objected
to her remaining in the family.   Appellee was her son-in-law,
whose wife, her daughter, had been dead for some years,
leaving children, in whom the old lady felt the natural interest
of a grandmother; but he was too poor to keep her as comfort-
ably as might be desired.   He did keep her, however, from
the spring of 1884 until the fall of 1887, and the evidence is
that he kept her kindly and as well as he was able.   She was
in receipt of a pension, at first of $24, and afterward of $36
per quarter, a part of which, doubtless, went to the use of
appellee's family.   On the evidence, as to the reasonable
value of what he did and provided for her, the jury allowed
him $200, from which it would seem that they applied on ac-

Smith v. Belt.

count of his claim, all that he probably received out of her pension, and returned a verdict for the excess only.

A previous express agreement by appellant to pay him, without any specification of price, was testified to by appellee and his daughter, but denied by appellant, though in his cross-examination he admitted pretty nearly as much. No other direct evidence on that subject was offered, but circumstances were proved as tending to show that she lived with appellee as a member of his family. To that end it was also proposed to prove what appellee's wife said to her "about her living with him and taking care of the children;" but as the proposition did not connect him with the supposed conversation, and whatever was said must have been years before the keeping in question or the alleged promise to pay for it, the evidence so offered was properly excluded.

It is also complained that the court sustained an objection to the question put to the old lady, "whether or not all the money she drew as pension money, while she was there, was expended for Belt's family, except what she brought away." In form it was rather too suggestive of the answer desired, and it called for a conclusion or opinion, concerning matter about which it doesn't appear that the witness had the means of forming one, instead of the facts. And what, specifically, was done with her pension money, was otherwise proved, probably as far as was possible, without objection. No harm, therefore, was done by the exclusion of this question, even if it had been proper. But it was not proper, for the reasons indicated.

Evidence was also introduced, of admissions and declarations by appellee, said to be inconsistent with his claim of an express agreement by appellant to pay him. And these he denied or explained. Clearly this was a question for the jury, and we see no sufficient reason for discrediting their finding that there was such an agreement.

A motion was made for a new trial, on the ground of newly discovered evidence, consisting of a statement said to have been made by the plaintiff before the trial to one of the attorneys for the defendant, which for that reason could

hardly be called newly discovered matter. Besides, so far as it was in the nature of impeaching evidence, affecting the credibility of plaintiff as a witness, it could not be conclusive, and so far as it would tend to prove the fact in issue, it was cumulative, being an admission, by inference or implication, that he had no legal claim against appellant. The motion on this ground was therefore properly denied.

*Judgment affirmed.*